**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

ALIM MILES ,                                    :
                                                :
                        Plaintiff,              :        CIVIL ACTION NO.: 2:22-cv-543
                                                :
            v.                                  :
                                                :
KENNY HURST A/K/A KENNTH                         :
HURST, XTL, INC., XTL-PA, INC.,                  :
XTL SOLUTIONS-PA, LLC,                           :
CUSTOMIZED LOGISTICS SOLUTIONS, :
JOHN DOE 1-3, AND JOHN DOE                       :
CORPORATION 1-3,                                 :
                                                :
                        Defendants.             :
_____

## NOTICE OF REMOVAL OF ACTION

Defendants, Kenny Hurst, XTL, Inc., XTL-PA, Inc., XTL Solutions-PA, LLC, and

Customized Logistics Solutions, by and through their attorneys, Lock Gordon Law Group, LLC,

respectfully aver as follows:

1.      Plaintiff commenced a civil action against defendants in the Court of Common

Pleas of Philadelphia County, Pennsylvania, on or about December 20, 2021, as a result of an

alleged December 27, 2019 motor vehicle accident.  See Exhibit "A" – Plaintiff's Complaint.

2.      The Complaint, being the original process in this case, was first served on

defendants no earlier than January 19, 2022.

3.      Accordingly, this Notice of Removal was filed within the time frame set forth in

28 U.S.C. §1446(d).

4.      According to the Complaint, as a result of the aforesaid accident, plaintiff

allegedly sustained "severe and disabling injuries resulting in a serious impairment of bodily

1

function and permanent injuries including but not limited to neck injuries, back injuries, knee injuries, shoulder injuries, arm injuries, hand injuries and excruciating physical pain and emotional anguish and a severe shock to his entire nervous system and other secondary problems and complications, the full extent of which are not yet known, some or all of which are permanent in nature.  See Exhibit "A" at ¶ 16.

5.      As a further result of the alleged carelessness and negligence of defendants, plaintiff "has been forced to expend and will be forced to expend in the future large and various amounts of money for hospitalization, medical care, surgical care, injections, and/or rehabilitative care to attend to, treat, alleviate, minimize and/or cure himself of the aforementioned injuries."  See Exhibit "A" at ¶ 17.

6.      As a further result of the alleged carelessness and negligence of defendants, plaintiff "has or may suffer a severe loss of earnings and impairment of his earning capacity and power.  Said loss of earnings and/or impairment exceeds the sums recoverable pursuant to the Pennsylvania Motor Vehicle Financial Responsibility Law."  See Exhibit "A" at ¶ 18.

7.      As a further result of the alleged carelessness and negligence of defendants, plaintiff "has been unable to follow his usual occupation and will be unable to follow same for an indefinite period of time into the future thereby losing the income which would have come to him through employment and exceeds the sums recoverable pursuant to the Pennsylvania Motor Vehicle Financial Responsibility Law."  See Exhibit "A" at ¶ 19.

8.      Plaintiff demanded damages "for an amount in excess of Fifty Thousand ($50,000.00) Dollars."  See Exhibit "A."

9.      Based upon a fair reading of the Complaint, plaintiff has set forth a claim in which an amount in excess of the jurisdictional limit of $75,000, exclusive of interest and costs, may be at stake.

10.      At all times material hereto, plaintiff was and is a resident and citizen of the State of New Jersey, residing at 533B Warren Street, Beverly, New Jersey 08021.  See Exhibit "A" – Plaintiff's Complaint.

11.      At all times material hereto, defendant, XTL, Inc., was and is a Pennsylvania corporation with its principal place of business located in Philadelphia, Pennsylvania.

12.      At all times material hereto, defendant, XTL-PA, Inc., was and is a Pennsylvania corporation with its principal place of business located in Philadelphia, Pennsylvania.

13.      At all times material hereto, defendant, XTL Solutions-PA, LLC was and is a Pennsylvania corporation with its principal place of business located in Philadelphia, Pennsylvania.

14.      At all times material hereto, defendant, Customized Logistics Solutions, was and is a Pennsylvania corporation with its principal place of business located in Philadelphia, Pennsylvania.

15.      At all times material hereto, defendant, Kenny Hurst, was and is a resident and citizen of the Commonwealth of Pennsylvania, residing at 953 Granite Street, Philadelphia, Pennsylvania.

16.      Diversity of citizenship within the meaning of 28 U.S.C. §1332, exists between plaintiff and defendants since:

   a)      Plaintiff is a resident and citizen of the State of New Jersey; and

3

b)     Defendants are residents and citizens of the Commonwealth of Pennsylvania.

17.    Furthermore, diversity of citizenship existed at the time the action sought to be removed was commenced and continues through the time of filing of this notice, such that defendants are entitled to removal pursuant to 28 U.S.C. §1441, as amended, and 28 U.S.C. §1446.

WHEREFORE, defendants pray that the above action now pending against them in Court of Common Pleas of Philadelphia County, be removed therefrom to this Honorable Court.

Respectfully submitted,

**LOCK GORDON LAW GROUP, LLC**

By:   */s/ Robyn D. Kazatsky*
          Robyn D. Kazatsky
          Attorney for Defendants, Kenny Hurst, XTL, Inc., XTL-PA, Inc., XTL Solutions-PA, LLC, and Customized Logistics Solutions
          18 Campus Blvd., Suite 100
          Newtown Square, PA 19073
          rkazatsky@lockgordon.com
          (T): (215) 805-6807

Dated: February 10, 2022

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the within-captioned Notice of Removal of Action was served via first-class mail, postage prepaid, on counsel for plaintiff addressed as follows:

Allan J. Aigeldiner, III, Esquire
Law Offices of Craig A. Altman, Esquire
19 S. 21st Street
Philadelphia, PA 19103
*Attorneys for Plaintiff*

**LOCK GORDON LAW GROUP, LLC**

*/s/ Robyn D. Kazatsky*
Robyn D. Kazatsky

Dated: February 10, 2022

# EXHIBIT "A"

Court of Common Pleas of Philadelphia County
Trial Division

# Civil Cover Sheet

For Prothonotary Use Only (Docket Number)

**DECEMBER 2021**

E-Filing Number: 2112035320

**001323**

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| ALIM MILES | KENNY HURST A/K/A KENNETH HURST |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| 533B WARREN STREET<br>BEVERLY NJ 08010 | 3200 S. 70TH STREET<br>PHILADELPHIA PA 19153 |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| | XTL, INC. |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| | 3200 S. 70TH STREET<br>PHILADELPHIA PA 19153 |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| | XTL-PA, INC. |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| | 3200 S. 70TH STREET<br>PHILADELPHIA PA 19153 |

| TOTAL NUMBER OF PLAINTIFFS | TOTAL NUMBER OF DEFENDANTS | COMMENCEMENT OF ACTION |
|---|---|---|
| 1 | 7 | [X] Complaint  [ ] Petition Action  [ ] Notice of Appeal<br>[ ] Writ of Summons  [ ] Transfer From Other Jurisdictions |

| AMOUNT IN CONTROVERSY | COURT PROGRAMS | | |
|---|---|---|---|
| [ ] $50,000.00 or less<br>[X] More than $50,000.00 | [ ] Arbitration<br>[ ] Jury<br>[X] Non-Jury<br>[ ] Other: | [ ] Mass Tort<br>[ ] Savings Action<br>[ ] Petition | [ ] Commerce<br>[ ] Minor Court Appeal<br>[ ] Statutory Appeals | [ ] Settlement<br>[ ] Minors<br>[ ] W/D/Survival |

CASE TYPE AND CODE

2V - MOTOR VEHICLE ACCIDENT

STATUTORY BASIS FOR CAUSE OF ACTION

RELATED PENDING CASES (LIST BY CASE CAPTION AND DOCKET NUMBER)

**FILED
PRO PROTHY**

DEC 20 2021

**S. RICE**

IS CASE SUBJECT TO
COORDINATION ORDER?
YES        NO

TO THE PROTHONOTARY:

Kindly enter my appearance on behalf of Plaintiff/Petitioner/Appellant: ALIM MILES

Papers may be served at the address set forth below.

| NAME OF PLAINTIFF'S/PETITIONER'S/APPELLANT'S ATTORNEY | ADDRESS |
|---|---|
| ALLAN J. AIGELDINGER III | 19 S 21ST ST<br>PHILADELPHIA PA 19103 |

| PHONE NUMBER | FAX NUMBER | |
|---|---|---|
| (215)569-4488 | (215)644-8049 | |

| SUPREME COURT IDENTIFICATION NO. | E-MAIL ADDRESS |
|---|---|
| 72739 | ajaigeldinger@hotmail.com |

| SIGNATURE OF FILING ATTORNEY OR PARTY | DATE SUBMITTED |
|---|---|
| ALLAN AIGELDINGER III | Monday, December 20, 2021, 03:12 pm |

FINAL COPY (Approved by the Prothonotary Clerk)

## COMPLETE LIST OF DEFENDANTS:

1. KENNY HURST A/K/A KENNETH HURST
   3200 S. 70TH STREET
   PHILADELPHIA PA 19153
2. XTL, INC.
   3200 S. 70TH STREET
   PHILADELPHIA PA 19153
3. XTL-PA, INC.
   3200 S. 70TH STREET
   PHILADELPHIA PA 19153
4. XTL SOLUTIONS-PA, L.L.C.
   3200 S. 70TH STREET
   PHILADELPHIA PA 19153
5. CUSTOMIZED LOGISTICS SOLUTIONS
   3200 S. 70TH STREET
   PHILADELPHIA PA 19153
6. JOHN DOE 1 THROUGH 3
   UNKNOWN
   PHILADELPHIA  PA 19103
7. JOHN DOE CORPORATION 1 THROUGH 3
   UNKNOWN
   PHILADELPHIA PA 19103

MAJOR NON-JURY
ASSESSMENT OF DAMAGES
HEARING IS REQUIRED

Filed and Attested by the
Office of Judicial Records
20 DEC 2021 03:12 pm
S. RICE

LAW OFFICES OF CRAIG A. ALTMAN, ESQUIRE
BY:   ALLAN J. AIGELDINGER, III, ESQUIRE
I.D. #: 72739
19 S. 21st STREET
PHILADELPHIA, PA  19103
(215)569-4488                              ATTORNEY FOR PLAINTIFF(S)

| | |
|---|---|
| ALIM MILES | : PHILADELPHIA COUNTY COURT OF |
| 533B WARREN STREET | : COMMON PLEAS |
| BEVERLY, NJ  08010 | : |
| VS. | : |
| KENNY HURST A/K/A KENNETH HURST | :                    TERM, 2021 |
| 3200 S. 70TH STREET | : |
| PHILADELPHIA, PA  19153 | : |
| AND | : NO. |
| XTL, INC. | : |
| 3200 S. 70TH STREET | : |
| PHILADELPHIA, PA  19153 | : |
| AND | : |
| XTL-PA, INC. | : |
| 3200 S. 70TH STREET | : |
| PHILADELPHIA, PA  19153 | : |
| AND | : |
| XTL SOLUTIONS-PA, L.L.C. | : |
| 3200 S. 70TH STREET | : |
| PHILADELPHIA, PA  19153 | : |
| AND | : |
| CUSTOMIZED LOGISTICS SOLUTIONS | : |
| 3200 S. 70TH STREET | : |
| PHILADELPHIA, PA  19153 | : |
| AND | : |
| JOHN DOE 1-3 | : |
| UNKNOWN ADDRESS | : |
| AND | : |
| JOHN DOE CORPORATION 1-3 | : |
| UNKNOWN ADDRESS | : |

## COMPLAINT IN CIVIL ACTION

### NOTICE

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you

must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance

personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth

against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW.   THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.

IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE

PHILADELPHIA BAR ASSOCIATION

LAWYER REFERRAL and INFORMATION SERVICE

One Reading Center

Philadelphia, Pennsylvania 19107

(215) 238-6333

TTY: (215) 451-6197

ADVISO

Le han demandado a usted en la corte. Si usted quiere defenderse de estas demandas expuestas en las páginas siguientes, usted tiene veinte (20) dias, de plazo al partir de la fecha de la demanda y la notificación. Hace falta asentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomará medidas y puede continuar la demanda en contra suya sin previo aviso o notificacion. Además, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u otros derechos importantes para usted.

LLEVE ESTA DEMANDA A UN ABOGADO INMEDIATAMENTE. SI NO TIENE ABOGADO O SI NO TIENE EL DINERO SUFICIENTE DE PAGAR TAL

Case ID: 211201323

SERVICIO, VAYA EN PERSONA O LLAME POR TELÉFONO A LA OFICINA CUYA DIRECCIÓN SE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR

DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL:

ASSOCIACION DE LICENDIADOS DE FILADELFIA

SERVICIO DE REFENCIA E INFORMACION LEGAL

One Reading Center

Filadelfia, Pennsylvania 19107

Teléfono: (215) 238-6333

TTY: (215) 451-6197

Case ID: 211201323

1.     Plaintiff is an adult individual who, at all times relevant hereto is a citizen of the Commonwealth of Pennsylvania residing at the above captioned address.

2.     Defendant KENNY HURST A/K/A KENNETH HURST (hereinafter referred to as "D1") is an adult individual who, at all times relevant hereto is a citizen of the Commonwealth of Pennsylvania residing at the above captioned address.

3.     Defendant XTL, INC. (hereinafter referred to as "D2") is a business entity licensed to transact business in the Commonwealth of Pennsylvania with a principle place of business at the above captioned address.

4.     Defendant XTL-PA, INC. (hereinafter referred to as "D3") is a business entity licensed to transact business in the Commonwealth of Pennsylvania with a principle place of business at the above captioned address.

5.     Defendant XTL SOLUTIONS-PA, L.L.C. (hereinafter referred to as "D4") is a business entity licensed to transact business in the Commonwealth of Pennsylvania with a principle place of business at the above captioned address.

6.     Defendant CUSTOMIZED LOGISTICS SOLUTIONS (hereinafter referred to as "D5") is a business entity licensed to transact business in the Commonwealth of Pennsylvania with a principle place of business at the above captioned address.

7.     Defendant JOHN DOE 1-3 (hereinafter referred to a "D6") is an adult individual, residing at the above-captioned address.

Case ID: 211201323

The defendant's actual name is unknown to plaintiff after having conducted a reasonable search with due diligence. The designation of the defendant is fictitious. A factual description of the defendant is set forth below. A reasonable search to determine the actual name of the defendant has been conducted.

8.    Defendant JOHN DOE CORPORATION 1-3 (hereinafter referred to a "D7") is a business entity licensed to transact business in the Commonwealth of Pennsylvania with a principle place of business at the above captioned address. The defendant's actual name is unknown to plaintiff after having conducted a reasonable search with due diligence. The designation of the defendant is fictitious. A factual description of the defendant is set forth below. A reasonable search to determine the actual name of the defendant has been conducted.

9.   At all times material hereto, defendant D2 and/or defendant D3 and/or defendant D4 and/or defendant D5 and/or defendant D7 acted and/or failed to act by and through their agent servant workman and/or employee of defendant D1 and/or defendant D6 acting and/or failing to act in the course and scope of their employment.

10.  At all times relevant hereto, defendant D1 and/or defendant D6 operated and controlled a tractor trailer motor vehicle owned by defendant D2 and/or defendant D3 and/or

defendant D4 and/or defendant D5 and/or defendant D7 (hereinafter referred to as "Defendant Vehicle").

11.   At all times relevant hereto, plaintiff was a passenger in a Chevrolet Traverse motor vehicle owned, operated and controlled by Jennifer Hughes (hereinafter referred to as "Plaintiff Vehicle").

12.   On or about December 27, 2019, at or about 1:00 p.m., the Plaintiff Vehicle was legally parked in the parking lane of W. Cheltenham Avenue at or near the intersection of 18th Street in the City and County of Philadelphia, in the Commonwealth of Pennsylvania (hereinafter referred to as "intersection").

13.   On the aforementioned date at the aforementioned time and place the Defendant Vehicle was traveling on Cheltenham Avenue at or near the "intersection" when suddenly and without warning the Defendant Vehicle violently and forcefully collided with the Plaintiff Vehicle (hereinafter referred to as "collision").

14.   As a result of the aforementioned collision the plaintiff was violently and forcefully thrown against the interior portion of the Plaintiff Vehicle causing him to sustain the injuries set forth below.

15.   The aforementioned collision was caused by the joint and several carelessness and negligence of the above captioned defendants as set forth below and was in no manner due to any act or omission on the part of the plaintiff.

16. As a result of the joint and several carelessness and negligence of the Defendants, Plaintiff suffered severe and disabling injuries resulting in a serious impairment of bodily function and permanent injuries including but not limited to neck injuries, back injuries, knee injuries, shoulder injuries, am injuries, hand injuries and excruciating physical pain and emotional anguish and a severe shock to his entire nervous system and other secondary problems and complications, the full extent of which are not yet known, some or all of which are permanent in nature.

17. As a further result of the joint and several carelessness and negligence of the Defendants, Plaintiff has been forced to expend and will be forced to expend in the future large and various amounts of money for hospitalization, medical care, surgical care, injections, and/or rehabilitative care to attend to, treat alleviate, minimize and/or cure himself of the aforementioned injuries.   Said amounts of money exceed the sums recoverable pursuant to the Pennsylvania Motor Vehicle Financial Responsibility Law.

18. As a further result of the joint and several carelessness and negligence of the Defendants, Plaintiff has or may suffer a severe loss of earnings and impairment of his earning capacity and power.   Said loss of earnings and/or impairment exceeds the sums recoverable pursuant to the Pennsylvania Motor Vehicle Financial Responsibility Law.

Case ID: 211201323

19.  As a further result of the joint and several carelessness and negligence of the Defendants, Plaintiff has been unable to follow his usual occupation and will be unable to follow same for an indefinite period of time into the future thereby losing the income which would have come to him through employment and exceeds the sums recoverable pursuant to the Pennsylvania Motor Vehicle Financial Responsibility Law.

20.  As a further result of the joint and several carelessness and negligence of the Defendants, Plaintiff has been prevented from performing his usual and daily activities and duties and will be prevented from attending to these activities and duties for an indefinite time into the future all to his great embarrassment, humiliation, detriment and loss and loss of life's pleasures and enjoyment.

**COUNT I**
**PLAINTIFF, ALIM MILES VS. DEFENDANT, D1**
<u>NEGIGENCE</u>

21.  Plaintiff incorporates paragraphs 1 through 20 as though same were set forth herein at length.

22.  The carelessness and negligence of the Defendant consisted of the following:

a)   failing to have and keep the Defendant Vehicle under proper and adequate control;

b)   failing to maintain and keep a proper and adequate lookout;

c)   operating the Defendant Vehicle at a high and excessive

Case ID: 211201323

rate of speed under the circumstances;

d)   failing to make proper use of the instrumentalities in the Defendant's possession and control so as to avoid the collision;

e)   causing the Defendant Vehicle to collide with the Plaintiff Vehicle;

f)   failing to remain a safe distance from the Plaintiff Vehicle as the Defendant Vehicle proceeded along the roadway;

g)   failing to use a reasonable degree of skill and/or care in the operation of the Defendant Vehicle;

h)   operating the Defendant Vehicle in a reckless manner without due regard for the rights and safety of other persons lawfully upon the roadway including the Plaintiff;

i)   failing to take such other precautions and employ such other safeguards as would be adequate and sufficient to avoid injury to the Plaintiff;

j)   failing to give adequate and proper signals;

k)   failing to obey the speed limit;

l)   negligence per se, in that the Defendant violated the laws of the Commonwealth of Pennsylvania by driving in a careless manner;

m)   violating the ordinances and laws of the Commonwealth of Pennsylvania pertaining to the operation of motor

Case ID: 211201323

vehicles by driving in a careless manner.

**WHEREFORE**, Plaintiff demands judgment in his favor and against the defendant, in an amount in excess of Fifty Thousand Dollars ($ 50,000.00) together with costs, interest and other relief as is proper and just. Said amount is in excess of this jurisdiction's compulsory arbitration limits.

### COUNT II
### PLAINTIFF, ALIM MILES VS. DEFENDANT, D2
### NEGIGENCE ENTRUSTMENT

23. Plaintiff incorporates paragraphs 1 through 22 as though same were set forth herein at length.

24. Defendant is vicariously responsible for the acts and/or omissions of its agent, servant, workmen and/or employee under the doctrine of respondeat superior.

25. The carelessness and negligence of the Defendant consisted of the following:

a) Negligently entrusting the Defendant Vehicle to it's agent, servant, workman and/or employee, who was known to said defendant as having a propensity for negligent operation of a motor vehicle;

b) Negligently entrusting the Defendant Vehicle to an agent, servant, workman and/or employee who was known to said Defendant as being inadequately experienced, unqualified, untrained, and/or inadequately trained in the operations of the Defendant Vehicle under the circumstances;

Case ID: 211201323

c)  Failing to adequately inspect, repair, and/or maintain the Defendant Vehicle;

d)  Failing to properly and adequately monitor and/or train its agent, servant, workman and/or employee.

**WHEREFORE**, Plaintiff demands judgment in his favor and against the defendant, in an amount in excess of Fifty Thousand Dollars ($ 50,000.00) together with costs, interest and other relief as is proper and just.  Said amount is in excess of this jurisdiction's compulsory arbitration limits.

### COUNT III
### PLAINTIFF, ALIM MILES VS. DEFENDANT, D3
### NEGIGENT ENTRUSTMENT

26.  Plaintiff incorporates paragraphs 1 through 25 as though same were set forth herein at length.

27.  Defendant is vicariously responsible for the acts and/or omissions of its agent, servant, workmen and/or employee under the doctrine of respondeat superior.

28.  The carelessness and negligence of the Defendant consisted of the following:

a)  Negligently entrusting the Defendant Vehicle to it's agent, servant, workman and/or employee, who was known to said defendant as having a propensity for negligent operation of a motor vehicle;

b)  Negligently entrusting the Defendant Vehicle to an agent, servant, workman and/or employee who was known to said Defendant as being inadequately experienced,

           unqualified, untrained, and/or inadequately trained in the operations of the Defendant Vehicle under the circumstances;

c)    Failing to adequately inspect, repair, and/or maintain the Defendant Vehicle;

d)    Failing to properly and adequately monitor and/or train its agent, servant, workman and/or employee.

**WHEREFORE,** Plaintiff demands judgment in his favor and against the defendant, in an amount in excess of Fifty Thousand Dollars ($ 50,000.00) together with costs, interest and other relief as is proper and just.  Said amount is in excess of this jurisdiction's compulsory arbitration limits.

**COUNT IV**
**PLAINTIFF, ALIM MILES VS. DEFENDANT, D4**
**NEGIGENT ENTRUSTMENT**

29.  Plaintiff incorporates paragraphs 1 through 28 as though same were set forth herein at length.

30.  Defendant is vicariously responsible for the acts and/or omissions of its agent, servant, workmen and/or employee under the doctrine of respondeat superior.

31.  The carelessness and negligence of the Defendant consisted of the following:

a)    Negligently entrusting the Defendant Vehicle to it's agent, servant, workman and/or employee, who was known to said defendant as having a propensity for negligent operation of a motor vehicle;

Case ID: 211201323

b)   Negligently entrusting the Defendant Vehicle to an agent, servant, workman and/or employee who was known to said Defendant as being inadequately experienced, unqualified, untrained, and/or inadequately trained in the operations of the Defendant Vehicle under the circumstances;

c)   Failing to adequately inspect, repair, and/or maintain the Defendant Vehicle;

d)   Failing to properly and adequately monitor and/or train its agent, servant, workman and/or employee.

**WHEREFORE**, Plaintiff demands judgment in his favor and against the defendant, in an amount in excess of Fifty Thousand Dollars ($ 50,000.00) together with costs, interest and other relief as is proper and just.  Said amount is in excess of this jurisdiction's compulsory arbitration limits.

## COUNT V
### PLAINTIFF, ALIM MILES VS. DEFENDANT, D5
### NEGIGENT ENTRUSTMENT

32.   Plaintiff incorporates paragraphs 1 through 31 as though same were set forth herein at length.

33.   Defendant is vicariously responsible for the acts and/or omissions of its agent, servant, workmen and/or employee under the doctrine of respondeat superior.

34.   The carelessness and negligence of the Defendant consisted of the following:

a)   Negligently entrusting the Defendant Vehicle to it's

agent, servant, workman and/or employee, who was known to said defendant as having a propensity for negligent operation of a motor vehicle;

b)   Negligently entrusting the Defendant Vehicle to an agent, servant, workman and/or employee who was known to said Defendant as being inadequately experienced, unqualified, untrained, and/or inadequately trained in the operations of the Defendant Vehicle under the circumstances;

c)   Failing to adequately inspect, repair, and/or maintain the Defendant Vehicle;

d)   Failing to properly and adequately monitor and/or train its agent, servant, workman and/or employee.

**WHEREFORE,** Plaintiff demands judgment in his favor and against the defendant, in an amount in excess of Fifty Thousand Dollars ($ 50,000.00) together with costs, interest and other relief as is proper and just. Said amount is in excess of this jurisdiction's compulsory arbitration limits.

### COUNT VI
### PLAINTIFF, ALIM MILES VS. DEFENDANT, D6
### NEGIGENCE

35.   Plaintiff incorporates paragraphs 1 through 34 as though same were set forth herein at length.

36.   The carelessness and negligence of the Defendant consisted of the following:

a)   failing to have and keep the Defendant Vehicle under

Case ID: 211201323

proper and adequate control;

b) failing to maintain and keep a proper and adequate lookout;

c) operating the Defendant Vehicle at a high and excessive rate of speed under the circumstances;

d) failing to make proper use of the instrumentalities in the Defendant's possession and control so as to avoid the collision;

e) causing the Defendant Vehicle to collide with the Plaintiff Vehicle;

f) failing to remain a safe distance from the Plaintiff Vehicle as the Defendant Vehicle proceeded along the roadway;

g) failing to use a reasonable degree of skill and/or care in the operation of the Defendant Vehicle;

h) operating the Defendant Vehicle in a reckless manner without due regard for the rights and safety of other persons lawfully upon the roadway including the Plaintiff;

i) failing to take such other precautions and employ such other safeguards as would be adequate and sufficient to avoid injury to the Plaintiff;

j) failing to give adequate and proper signals;

k) failing to obey the speed limit;

l) negligence per se, in that the Defendant violated the

Case ID: 211201323

to said Defendant as being inadequately experienced,
unqualified, untrained, and/or inadequately trained in
the operations of the Defendant Vehicle under the
circumstances;

c)   Failing to adequately inspect, repair, and/or
maintain the Defendant Vehicle;

d)   Failing to properly and adequately monitor and/or train
its agent, servant, workman and/or employee.

**WHEREFORE**, Plaintiff demands judgment in his favor and
against the defendant, in an amount in excess of Fifty Thousand
Dollars ($ 50,000.00) together with costs, interest and other
relief as is proper and just.  Said amount is in excess of this
jurisdiction's compulsory arbitration limits.

BY:_____/S/_____
    ALLAN J. AIGELDINGER, III, ESQUIRE
    Attorney for Plaintiff

Case ID: 211201323

## VERIFICATION

I am the PLAINTIFF in this action and verify that the statements made in the foregoing pleading are true and correct to the best of my knowledge, information and belief and I understand that the statement made therein are subject to the penalties of 18 Pa. C.S. Section 4904 relating to unsworn falsification to authorities.

DATE: _____

Hand delivered to
XTL
1/24/21 5:25 Pm